# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Boy Scouts of America and Delaware BSA, LLC,<br><br>　　　　　　　　Debtors. | Civil Action No. 20-cv-00774 (RGA) |
| Century Indemnity Company,<br><br>　　　　　　　　Appellant,<br><br>v.<br><br>Boy Scouts of America,<br><br>　　　　　　　　Appellee<br><br>Delaware BSA, LLC<br><br>　　　　　　　　Appellee | On appeal from the U.S. Bankruptcy Court for the District of Delaware<br><br>Bankruptcy Case No. 20-10343 (LSS)<br>Bankruptcy BAP No. 20-14 |

**MOTION OF BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC TO STAY BRIEFING
<u>PENDING RESOLUTION OF MOTION TO DISMISS</u>**

Debtors-Appellees Boy Scouts of America and Delaware BSA, LLC (collectively, "BSA") respectfully request that the Court stay briefing in the appeal by Century Indemnity Company ("Century") from the bankruptcy court's Order Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3) and Local Rules 2002-1(e), 3001-1 and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner and Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors (the "Bar Date Order"). Bankr. Dkt. 695. In support of its motion, BSA states as follows:

1. On June 8, 2020, Century—one of BSA's insurers—filed a notice of appeal from the bankruptcy court's Bar Date Order. The Bar Date Order was a non-final interlocutory order. *See In re Energy Future Holdings Corp.*, 949 F.3d 806, 817 (3d Cir. 2020) (holding that bar date orders entered by bankruptcy court "were not final and appealable").

2. On June 22, 2020, BSA moved to dismiss Century's appeal. Dist. Ct. Dkt. 4. As set forth in BSA's motion and supporting memorandum (Dist. Ct. Dkt. 5), Century lacks standing to appeal the Bar Date Order because Century is not "directly and adversely affected pecuniarily" by the non-final order. *In re Combustion Eng'g*, 391 F.3d 190, 214 (3d Cir. 2004), *as amended* (Feb. 23, 2005) (internal citations omitted); *see also id.* at 215 (explaining that this "more stringent appellate standing requirement" in bankruptcy cases "rests on the 'particularly acute' need to limit appeals in bankruptcy proceedings"); *In re Old HB, Inc.*, 525 B.R. 218, 225 (S.D.N.Y. 2015) (holding that debtor's insurer, like Century, lacked standing to appeal a bar date order). In addition, because the Bar Date Order is interlocutory, Century has no right of appeal, but was required to seek this Court's leave to appeal under 28 U.S.C. § 158(a)(3) and Federal

Rule of Bankruptcy Procedure 8004(a)(2). Yet Century failed to file the required motion, and has not shown—and cannot show—that any "exceptional circumstances" justify immediate review. *In Re Magic Rests., Inc.*, 202 B.R. 24, 26 (D. Del. 1996).

3. On June 26, this Court entered an order withdrawing Century's appeal from mandatory mediation, Dist. Ct. Dkt. 10, and set a briefing schedule, Dist. Ct. Dkt. 11.

4. BSA respectfully requests that briefing on Century's appeal be stayed while BSA's motion to dismiss the appeal is pending. Whether to enter a stay "is a matter left to the Court's discretion." *UCB, Inc. v. Hetero USA Inc.*, 277 F. Supp. 3d 687, 690 (D. Del. 2017). A stay of briefing is warranted here because, if the appeal is dismissed, briefing will be unnecessary. Staying briefing until BSA's motion to dismiss is decided may therefore avoid unnecessary burden on the Court and the parties, and in particular avoid unnecessary expense to the Debtors' estates.

5. In addition, even if the appeal were not dismissed, Century would not be harmed by a stay of briefing. Century chose not to seek a stay of the Bar Date Order pending this appeal. As detailed in BSA's memorandum in support of dismissal, because Century did not seek a stay, the notice requirements in the Bar Date Order will be largely effectuated well before this appeal can be resolved—whether briefing begins immediately or not. Dist. Ct. Dkt. 5 at 8-9; *see also* Dist. Ct. Dkt. 6. In particular, the claim form that Century intends to challenge on appeal has already been distributed to more than nine million recipients. Dist. Ct. Dkt. 5 at 9. Century's own actions thus make clear that a temporary delay in briefing will cause it no harm.

### CERTIFICATION PURSUANT TO D. DEL. LOCAL RULE 7.1.1

Pursuant to Local Rule 7.1.1, counsel for BSA states that they have made a reasonable effort to reach agreement with counsel for Century regarding BSA's relief requested in this

motion. Counsel for BSA contacted counsel for Century but did not reach an agreement regarding the relief requested in this motion.

## **CONCLUSION**

For the foregoing reasons, briefing should be stayed pending this Court's decision on BSA's motion to dismiss the appeal.

*[Remainder of Page Intentionally Left Blank]*

Respectfully submitted this 1st day of July 2020.

    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

    */s/ Eric W. Moats*_____

    Derek C. Abbott (No. 3376)
    Andrew R. Remming (No. 5120)
    Eric W. Moats (No. 6441)
    Paige N. Topper (No. 6470)
    1201 North Market Street, 16th Floor
    P.O. Box 1347
    Wilmington, Delaware 19899-1347
    Telephone: (302) 658-9200
    Email: dabbott@mnat.com
           aremming@mnat.com
           emoats@mnat.com
           ptopper@mnat.com

    – and –

    SIDLEY AUSTIN LLP
    Jessica C. K. Boelter (*pro hac vice* pending)
    787 Seventh Avenue
    New York, New York 10019
    Telephone: (212) 839-5300
    Email: jboelter@sidley.com

    – and –

    SIDLEY AUSTIN LLP
    Thomas A. Labuda (*pro hac vice* pending)
    Michael C. Andolina (*pro hac vice* pending)
    Matthew E. Linder (*pro hac vice* pending)
    One South Dearborn Street
    Chicago, Illinois 60603
    Telephone: (312) 853-7000
    Email: tlabuda@sidley.com
           mandolina@sidley.com
           mlinder@sidley.com

    *Counsel for Boy Scouts of America and*
    *Delaware BSA, LLC*