# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Boy Scouts of America and Delaware BSA, LLC,<br><br>        Debtors.<br><br>Century Indemnity Company,<br><br>        Appellant,<br><br>v.<br><br>Boy Scouts of America,<br><br>        Appellee<br><br>Delaware BSA, LLC<br><br>        Appellee | Civil Action No. 20-cv-00774 (RGA)<br><br>On appeal from the U.S. Bankruptcy Court for the District of Delaware<br><br>Bankruptcy Case No. 20-10343 (LSS)<br>Bankruptcy BAP No. 20-14 |

# REPLY IN SUPPORT OF MOTION OF
# BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC
# TO DISMISS INTERLOCUTORY APPEAL

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter<br>William E. Curtin<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Email: jboelter@sidley.com<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda<br>Michael C. Andolina<br>Matthew E. Linder<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Email: tlabuda@sidley.com<br>       mandolina@sidley.com<br>       mlinder@sidley.com | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Eric W. Moats (No. 6441)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>       aremming@mnat.com<br>       emoats@mnat.com<br>       ptopper@mnat.com |

*Attorneys for the Boy Scouts of America and Delaware BSA, LLC*

Dated: July 6, 2020
Wilmington, Delaware

# TABLE OF CONTENTS

I. Century Lacks Appellate Standing. ................................................................2

II. Leave To Take An Interlocutory Appeal Should Be Denied. ........................6

   A. The Bar Date Order Is Interlocutory. .........................................................6

   B. The Interlocutory Order Does Not Qualify For Appellate Review..............7

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*In re A.H. Robins Co., Inc.*,
   862 F.2d 1092 (4th Cir. 1988) ..............................................................................8

*Adair v. Sherman*,
   230 F.3d 890 (7th Cir. 2000) ................................................................................3

*In re Allegheny Int'l, Inc.*,
   954 F.2d 167 (3d. Cir. 1992) .................................................................................7

*Chemetron Corp. v. Jones*,
   72 F.3d 341 (3d Cir. 1995) ...................................................................................9

*In re Combustion Eng'g*,
   391 F.3d 190 (3d Cir. 2004), *as amended* (Feb. 23, 2005) ..................................3

*In re Congoleum Corp.*,
   426 F.3d 675 (3d Cir. 2005) ..............................................................................4, 5

*In re Energy Future Holdings Corp.*,
   949 F.3d 806, 818 (3d Cir. 2020) ......................................................................6, 7

*In re Lampe*,
   665 F.3d 506 (3d Cir. 2011) ...........................................................................7, 8, 9

*In re Magic Rests., Inc.*,
   202 B.R. 24 (D. Del. 1996)....................................................................................7

*In re marchFirst, Inc.*,
   431 B.R. 436 (Bankr. N.D. Ill. 2010) ....................................................................6

*In re Old HB, Inc.*,
   525 B.R. 218 (S.D.N.Y. 2015) ..............................................................................3

*Travelers Ins. Co. v. H.K. Porter Co.*,
   45 F.3d 737 (3d Cir. 1995) .................................................................................3, 4

**Statutes**

11 U.S.C. § 502(a) ........................................................................................................7

Century's Opposition provides clarity as to what its appeal is about. Century is displeased with the questions that appear on the Sexual Abuse Survivor Proof of Claim Form that the bankruptcy court approved in the Bar Date Order, *see* Bankr. Dkt. 695-7 (the "Claim Form"). Century wishes that the Claim Form included questions that it proposed—questions the bankruptcy court considered and rejected as not "relevant" and overly "intrusive." Bankr. Dkt. 675 at 121:18-122:9. Century concedes that the Bar Date Order does not "determine the outcome of any particular claim," Opp. at 13, and that Century "may still challenge submitted claims" and "discover all relevant facts" before any claims are resolved, *id*. at 9. But Century is not content to follow the claims adjudication process. Instead, Century wants this Court to step in and order the bankruptcy court "not to give a claim submitted on the Form prima facie validity." *Id.* at 17-18. Because the interlocutory Bar Date Order does not have any pecuniary effect on Century, and because it presents no exceptional circumstances to justify immediate appeal, Century's appeal should be dismissed.

Repeatedly in its Opposition, Century asserts that the Claim Form approved by the bankruptcy court does not "requir[e] facts establishing a prima facie case." Opp. at 8-9, 15. These conclusory assertions of the Claim Form's purported "inadequacy" undergird Century's arguments as to standing, finality, and whether this case satisfies the standard for an interlocutory appeal. But Century tellingly

never addresses what the Claim Form actually calls for. Contrary to Century's assertions, the 12-page Claim Form contains over **25 questions** regarding, among other things, the date, location, and nature of the abuse; the harm suffered; the identity of the perpetrator; the context in which the abuse occurred; the connection between the claimant and Scouting; who at BSA was aware of the abuse; who else knew about the sexual abuse; and the claimant's alleged damages.[1] Bankr. Dkt. 695-7. Tellingly, Century fails to say what it believes is missing from the Claim Form, or why its proposed additional questions were necessary to establish a claim's prima facie validity. In fact—and as the bankruptcy court determined—Century's additional questions merely elaborated on questions already on the Claim Form, or sought additional details that were not "relevant" to a claim's prima facie validity. Bankr. Dkt. 675 at 108:21-25, 120:3-9, 121:18-24. As the bankruptcy court determined, the Claim Form is "more than sufficient" to qualify as a proof of claim, which under 11 U.S.C. § 502(a) must be treated as prima facie valid. *Id.* at 70:2-16, 121:21-122:9. There is thus no basis to permit this appeal.

I.  **Century Lacks Appellate Standing.**

Century makes no attempt to show that it is *directly* and *pecuniarily* affected by the Bar Date Order, as required for appellate standing. *In re Combustion Eng'g*,

---

[1] Compare this to Official Form 410, published by the U.S. court system, which the Committee Notes state "applies in all cases." Form available at https://www.uscourts.gov/sites/default/files/form_b_410_0.pdf; Committee Notes available at https://www.uscourts.gov/sites/default/files/form_b410_cn.pdf. That three-page form includes six questions as to the nature and amount of the claim Questions 7-12.

391 F.3d 190, 214-15 (3d Cir. 2004), *as amended* (Feb. 23, 2005) (quoting *In re Dykes*, 10 F.3d 184, 187 (3d Cir. 1993)). All the Bar Date Order does is approve a particular form for sexual abuse survivors to use to submit a proof of claim, and thereby "alert the court, trustee, and other creditors, as well as the debtor, to claims against the estate." *Adair v. Sherman*, 230 F.3d 890, 896 (7th Cir. 2000) (quoting *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 734 (7th Cir. 1991)).

The order does not compel Century to do anything. It does not "determine the outcome of any particular claim," Opp. at 13, nor does it determine Century's obligation to pay any claim. Century's "potential exposure" is thus "doubly removed" from the Bar Date Order, "turning both on the success of the Claimants in their prosecution of claims against [BSA], and on a judicial determination that the policy issued by [Century] covers the claims." *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 742 (3d Cir. 1995). Indeed, Century does not and cannot suggest that its "property has been diminished" by an order approving a form. *Id.* That is why the court in *In re Old HB, Inc.* held that a debtor's insurer lacked standing to challenge a bar date order: the insurer did not experience any direct, pecuniary effect from the bar date order itself, but instead, "asserted various ways in which [it] *may* be harmed by the Order if and only if certain other events come to pass." 525 B.R. 218, 225 (S.D.N.Y. 2015) (emphasis added).

Century argues that its appeal is distinguishable from *Old HB* because

Century is challenging "the *entire proceeding itself*." Opp. at 10. This is so, Century says, because the Bar Date Order supposedly "treat[s] the proofs of claim as establishing presumptively valid sexual-assault claims, without even requiring facts establishing a prima facie case," and thus allegedly puts the "burden" on Century to "litigate each claim individually." *Id.* at 8-9. But whatever "burden" Century may face to "litigate each claim" submitted using the Claim Form is insufficient for appellate standing, because "standing is precluded if the only interest in the bankruptcy court's order . . . is an interest as a potential defendant in an adversary proceeding." *Travelers*, 45 F.3d at 743. Moreover, the premise of Century's argument—that the Claim Form does not "requir[e] facts establishing a prima facie case"—is meritless. Opp. at 9. As the bankruptcy court found, and Century nowhere attempts to refute, the information requested in the Claim Form is "more than sufficient to provide the debtors with information" to begin the claims review process.[2] Bankr. Dkt. 675 at 121:25-122:9.

Equally unfounded is Century's extensive reliance on *In re Congoleum Corp.*, 426 F.3d 675 (3d Cir. 2005). Opp. at 7-10. The *Congoleum* appeal challenged the bankruptcy court's order, in a prepackaged bankruptcy proceeding, permitting retention by the debtor of "special insurance counsel," who the insurers

---

[2] The claims will be reviewed, processed and ultimately allowed and paid in accordance with a confirmed plan of reorganization and related documents. BSA anticipates that a Trust will be set up for these claims, and that the Trustee may, for example, request more information in connection with processing the claims.

4

contended had engaged in prepetition negotiations despite being ethically conflicted. 426 F.3d at 682-83. None of the reasons the court cited for appellate standing in that case exist here. **First,** this is not a prepackaged bankruptcy, and Century raises no question as to "the validity of a proposed plan *ab initio*." *Id.* at 685. **Second**, the *Congoleum* court reasoned that an interlocutory appeal was necessary as a practical matter because, "once a plan has proceeded to confirmation, orders involving retention of professionals are unlikely to get the attention they deserve." *Id.* at 686. By contrast here, the claims adjudication process, which will likely be handled by a trust as a part of BSA's plan of reorganization, ensures that there will be opportunity to object to any claim that is inadequately supported. And nothing in the Bar Date Order prevents Century from asserting all claims and defenses it has under its policies as to claims that are liquidated and resolved in connection therewith. **Third**, the *Congoleum* court observed that denying standing "would suggest that we do not support the long-standing role of lawyers practicing before federal courts in monitoring and reporting ethical violations," *id.* at 687—a consideration that is plainly absent here.[3]

---

[3] Century also asserts that it has standing as "a contingent creditor of BSA." Opp. at 9-10. But the Bar Date Order does not purport to determine Century's rights as a creditor, and thus has no more direct, pecuniary effect on Century as a contingent creditor than it does on Century as BSA's insurer.

## II. Leave To Take An Interlocutory Appeal Should Be Denied.

### A. The Bar Date Order Is Interlocutory.

The parties agree that "the relevant Circuit precedent" (Opp. at 11) is *In re Energy Future Holdings Corp.*, which held just a few months ago that bar date orders were "not final and appealable." 949 F.3d 806, 818 (3d Cir. 2020). Contrary to Century's argument, that case controls here.

Century argues that the Bar Date Order is "less intertwined with the adversary claims-adjudication process" than was the bar date order at issue in *Energy Future Holdings*. Opp. at 13 (citation omitted). Not so. In both cases, the bar date orders set a date by which claims were required to be submitted—a step integral to the claims-adjudication process. *Compare Energy Future Holdings*, 949 F.3d at 814. Century also argues that the bankruptcy court's approval of the Claim Form was "governed by a 'statutory standard,' i.e., the requirements of Code § 502(a) and Rule 3001(f)," Opp. at 13, so a purely legal issue is presented. That, too, is mistaken. Those provisions dictate the legal effect a proof of claim has for purposes of the claims-adjudication process, but they do not address what information must be included on a proof of claim form. *See In re marchFirst, Inc.*, 431 B.R. 436, 442 (Bankr. N.D. Ill. 2010) ("The Bankruptcy Code and Rules give no real guidance" regarding the content of a proof of claim.). The bankruptcy court's order approving the Claim Form was a fact-based determination that a

claimant's answers to the questions on the Claim Form will provide sufficient notice of the basis for sexual abuse claimants' claims in the context of this particular case. Just like the bar date order in *Energy Future Holdings*, that ruling was "not final and appealable." 949 F.3d at 818.

**B.     The Interlocutory Order Does Not Qualify For Appellate Review.**

Century cannot establish that "exceptional circumstances" exist which justify granting its dilatory request for leave to appeal. *In re Magic Rests., Inc.*, 202 B.R. 24, 26 (D. Del. 1996).

There is no controlling question of law that is subject to dispute. Century seeks leave to take an immediate appeal to argue that the bankruptcy court erred "in giving proofs of claim substantive, burden-shifting effect," Opp. at 1, but that argument is legally foreclosed. The bankruptcy code expressly provides that when a proof of claim is filed, the claim is prima facie valid, and allowed unless a party in interest objects. 11 U.S.C. § 502(a); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992). The bankruptcy court applied the bankruptcy code, *see* Bankr. Dkt. 675 at 70:2-6 ("I am not going to alter the effects that the code gives" the proof of claim), and any other ruling would have been reversible error, *In re Lampe*, 665 F.3d 506, 514 (3d Cir. 2011) (reversing a bankruptcy court order holding a "proof of claim was not entitled to prima facie validity"). Century cites no case permitting departure from the statutory mandate regarding the legal effect

of a proof of claim.

Century thus shifts to arguing that the real question here is "whether the Form is legally adequate." Opp. at 15. In other words, Century seeks to appeal the bankruptcy court's conclusion that the 25 questions on the Claim Form would provide "'fair notice of the conduct, transaction, and occurrences that form the basis of the claim.'" *Lampe*, 665 F.3d at 514-15 (quoting *In re O'Brien*, 440 B.R. 654, 662 (Bankr. E.D. Pa. 2010)). That is not a controlling question of law, but rather a fact- and case-specific question based on the nature of the sexual abuse claims at issue in this bankruptcy proceeding. Moreover, that question is not subject to any difference of opinion: Though Century baldly asserts that the Claim Form does not require information going to "all the elements of a claim," Opp. at 15, it *nowhere* identifies any element of any claim that is not addressed. Nor could it, because the detailed information requested in the Claim Form is comprehensive—and, as the bankruptcy court found, "more than sufficient." Bankr. Dkt. 675 at 121:25-122:8.[4]

Century also fails to establish that this appeal would advance termination of

---

[4] Century's citation to *In re A.H. Robins Co., Inc.*, 862 F.2d 1092 (4th Cir. 1988), proves the point. That case approved a proof of claim form that requested "information of the claimant's use of the Dalkon Shield, such as dates of insertion and removal, the type of injury alleged and the names of physicians or clinics visited by the claimant." *A.H. Robins*, 862 F.2d at 1093. The Claim Form here elicits much the same information about the alleged sexual abuse, including date, location, nature of the abuse, the identity of the perpetrator, the context in which the abuse occurred, the connection between the claimant and Scouting, and who at BSA was aware of the abuse. *See* Dkt. 695-7; *supra* p. 1-2.

8

the litigation. Century implicitly concedes that the ship has sailed on modifying the Claim Form to include its preferred questions. *See* Opp. at 1. It asks instead for "a simple order that the claims submitted through the Form approved in the Order will not be considered prima facie valid." Opp. at 1. But such an order is directly foreclosed by § 502(a) and Third Circuit law. *See Lampe*, 665 F.3d at 514 (reversing order holding that a "proof of claim was not entitled to prima facie validity"). Moreover, the order Century asks for is not nearly so "simple" as it suggests. If this Court ordered that any claim submitted using the Claim Form did not have the legal effect of a proof of claim, then claimants who relied on the Claim Form would have failed to submit a proof of claim before the bar date—and could thus be prevented from participating in BSA's reorganization. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). Indeed, when Century raised its same request in the bankruptcy court, Judge Silverstein repeatedly questioned how it could possibly work for the Claim Form not to be deemed a proof of claim, with the legal effect that the code assigns to proofs of claim. *See* Bankr. Dkt. 675 at 63:4-6 ("How do claimants vote on the plan if they haven't filed a proof of claim?"); *id.* at 60:17-20 (similar).

Century had no answer then, and it has no answer now. The appeal should be dismissed.

Respectfully submitted this 6th day of July 2020.

By: */s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Email: dabbott@mnat.com
aremming@mnat.com
emoats@mnat.com
ptopper@mnat.com

-and-

SIDLEY AUSTIN LLP
Jessica C. K. Boelter
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Email: jboelter@sidley.com

-and-

SIDLEY AUSTIN LLP
Thomas A. Labuda
Michael C. Andolina
Matthew E. Linder
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Email: tlabuda@sidley.com
mandolina@sidley.com
mlinder@sidley.com

*Attorneys for the Boy Scouts of America and Delaware BSA, LLC*